**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ARNETHIA FLANNERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| NOBLE MIDSTREAM PARTNERS LP, | ) |
| COLIN E. PARFITT, ROBIN FIELDER, | ) |
| MARTIN SALINAS, JR., HALLIE A. | ) |
| VANDERHIDER, ANDREW VIENS, | ) |
| ANDREI F.B. BEHDJET, STEPHEN W. | ) |
| GREEN, ALANA KNOWLES, CHEVRON | ) |
| CORPORATION, CADMIUM HOLDINGS | ) |
| INC., CADMIUM MERGER SUB LLC, and | ) |
| NOBLE MIDSTREAM GP LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by plaintiff's undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to plaintiff, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On March 4, 2021, Noble Midstream Partners LP's ("Noble" or the "Partnership") Board of Directors (the "Board" or "Individual Defendants") caused Noble to enter into an agreement and plan of merger (the "Merger Agreement") with Noble Midstream GP LLC (the "General Partner"), Chevron Corporation ("Chevron"), Cadmium Holdings Inc. ("Holdings"), and Cadmium Merger Sub LLC ("Merger Sub").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Noble, with Noble surviving as a wholly-owned subsidiary of Chevron; and (ii) Noble's unitholders will receive 0.1393 shares of Chevron common stock for each

common unit of Noble they own (the "Proposed Transaction").

3.  On March 22, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.  The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Noble common units.

9. Defendant Noble is a Delaware limited partnership and maintains its principal executive offices at 1001 Noble Energy Way, Houston, Texas 77070. Noble's common units are traded on the NASDAQ under the ticker symbol "NBLX."

10. Defendant Colin E. Parfitt ("Parfitt") is Chairman of the Board of the General Partner. Parfitt also serves as Vice President of Midstream of Chevron.

11. Defendant Robin Fielder is President, Chief Executive Officer, and a director of the General Partner.

12. Defendant Martin Salinas, Jr. is a director of the General Partner.

13. Defendant Hallie A. Vanderhider is a director of the General Partner.

14. Defendant Andrew Viens is a director of the General Partner.

15. Defendant Andrei F.B. Behdjet ("Behdjet") is a director of the General Partner. Behdjet also serves as Vice President and General Counsel of Chevron's Downstream. Chemicals & Midstream business.

16. Defendant Stephen W. Green ("Green") is a director of the General Partner. Green also serves as President of Chevron North America Exploration and Production Company.

17. Defendant Alana Knowles ("Knowles") is a director of the General Partner. Knowles also serves as Vice President of Finance, Downstream & Chemicals and Midstream of Chevron.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant General Partner is a Delaware limited liability company, the general partner of Noble, and a party to the Merger Agreement.

20. Defendant Chevron is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Holdings is a Delaware corporation, a wholly-owned subsidiary of Chevron, and a party to the Merger Agreement.

22. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Holdings, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Partnership and the Proposed Transaction*

23. Noble is a master limited partnership originally formed by Noble Energy, Inc. to own, operate, develop, and acquire domestic midstream infrastructure assets.

24. The Partnership currently provides crude oil, natural gas, and water-related midstream services and owns equity interests in oil pipelines in the DJ Basin in Colorado and the Delaware Basin in Texas.

25. On March 4, 2021, the Board caused the Partnership to enter into the Merger Agreement.

26. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Noble, with Noble surviving as a wholly-owned subsidiary of Chevron; and (ii) Noble's unitholders will receive 0.1393 shares of Chevron common stock for each common unit of Noble they own.

27. According to the press release announcing the Proposed Transaction:

> Chevron Corporation (NYSE: CVX) ("Chevron") and Noble Midstream Partners, LP (NASDAQ: NBLX) ("Noble Midstream") announced today that they have entered into a definitive agreement for Chevron to acquire all (33.925 million) of the publicly held common units representing the limited partner interests in Noble Midstream, not already owned by Chevron and its affiliates (the "Common Units"), in an all-stock transaction whereby each outstanding unitholder of Noble Midstream would receive 0.1393 of a share of common stock of Chevron in exchange for each Common Unit owned. . . .

The Conflicts Committee of the Board, comprised entirely of independent directors, after consultation with its independent legal and financial advisors, unanimously approved the merger. Subsequently, the merger was approved by the Board.

The transaction is expected to close in the second quarter of 2021, subject to customary approvals. A subsidiary of Chevron, as the holder of a majority of the outstanding Common Units, has voted its units to approve the transaction.

Advisors

Citi is acting as financial advisor and Latham & Watkins LLP is acting as legal advisor to Chevron. Janney Montgomery Scott is acting as financial advisor and Baker Botts L.L.P. is acting as legal advisor to the Conflicts Committee of the Board.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

28. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

29. As set forth below, the Registration Statement omits material information.

30. First, the Registration Statement omits the Partnership's, Chevron's, and the combined company's financial projections.

31. With respect to the Partnership's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA and distributable cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

32. The Registration Statement fails to disclose Chevron's and the combined company's financial projections.

33. The disclosure of projected financial information is material because it provides unitholders with a basis to project the future financial performance of a company, and allows unitholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34. Second, the Registration Statement omits material information regarding the analyses performed by the Partnership's financial advisor, Janney Montgomery Scott LLC ("Janney").

35. With respect to Janney's Premiums Paid Analysis, the Registration Statement fails to disclose the premiums paid in the transactions.

36. With respect to Janney's Public Comparables Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

37. With respect to Janney's Precedent Transactions Analysis, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; (ii) the total values of the transactions; and (iii) the closing dates of the transactions.

38. With respect to Janney's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analysis and all underlying line items; (ii) the terminal values for the Partnership; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; (iv) the Partnership's net debt and the book value of preferred equity used in the analysis; and (v) Janney's basis for using multiples ranging from 7.5x to 9.0x.

39. When a banker's endorsement of the fairness of a transaction is touted to unitholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. Third, the Registration Statement fails to disclose the timing and nature of any services Janney provided to Chevron or its affiliates, and the amount of compensation received by Janney for providing any such services.

41. The omission of the above-referenced material information renders the Registration Statement false and misleading.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's unitholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Noble**

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Noble is liable as the issuer of these statements.

45. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

46. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to unitholders.

48. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, General Partner, Chevron, Holdings, and Merger Sub

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants, General Partner, Chevron, Holdings, and Merger Sub acted as controlling persons of Noble within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Noble and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants, General Partner, Chevron, Holdings, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have

had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

55. General Partner, Chevron, Holdings, and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

56. By virtue of the foregoing, the Individual Defendants, General Partner, Chevron, Holdings, and Merger Sub violated Section 20(a) of the 1934 Act.

57. As set forth above, the Individual Defendants, General Partner, Chevron, Holdings, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 29, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*